1
2
3
4
5       **UNITED STATES DISTRICT COURT**
6       **DISTRICT OF NEVADA**

7   MIGUEL VELEZ,                               2:09-CV-1136 JCM (GWF)
8           Plaintiff,
9   v.
10  REHAB RESULTS, INC., et al.,
11          Defendants.
12

13                              **ORDER**

14      Presently before the court is defendant Nevada Alternative Solutions' (hereinafter "NAS")
15  motion for attorney's fees. (Doc. #52).  To date, no opposition has been filed.
16      Plaintiff's complaint against NAS, among others, alleged civil rights violations under 42
17  U.S.C. §§ 1981 and 1985(3). (Doc. #2).  On June 8, 2010, the court granted NAS's motion to
18  dismiss. (Doc. #51).  NAS alleges to have expended $10,687.00 in defending against the claims and
19  an additional $512.50 on this motion.
20      Federal Rule of Civil Procedure 54(d)(2)(D) provides that the court's local rule "may
21  establish special procedures by which issues relating to such fees may be resolved without extensive
22  evidentiary hearings."  According to LR 54-16(b) and (c), a motion for attorney's fees must contain
23  a reasonable itemization and description of the work performed, the attorney's affidavit, and a brief
24  summary as described in the rule.  Here, defendant NAS has complied with the local rules, providing
25  the required information along with a notarized affidavit from NAS's attorney Seetal Tejura. *See*
26  (doc. #52-1).  Therefore, this court may consider the merits of the motion.
27      A prevailing defendant in an action to enforce 42 U.S.C. §§ 1981 or 1985 is entitled to an
28

**James C. Mahan**
**U.S. District Judge**

1  award of reasonable attorney's fees,  42 U.S.C. § 1988, but only when the plaintiff's claims are
2  frivolous, groundless and without merit. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *See also McConnel*
3  *v. Crtichlow*, 661 F.2d 116, 118 (9th Cir. 1981) (stating a case is frivolous when the "result is
4  obvious" or the arguments "wholly without merit"); *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir.
5  1990) ("Attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional
6  circumstances.").

7  Defendant NAS argues that the order to dismiss plaintiff's complaint pursuant to rule
8  12(b)(6) suggests the claims were frivolous, groundless and without merit.  However, the dismissal
9  was granted without prejudice and assessed only the sufficiency of the pleading, without considering
10 the merit.  *See* (doc. #51).  Although plaintiff's complaint included certain claims with questionable
11 merit, this court does not find that the dismissal of this complaint calls for an award of attorney's
12 fees.

13 Accordingly,

14 IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant Nevada
15 Alternative Solutions' motion for attorney's fees (doc. # 52) be, and the same hereby is, DENIED.

16 DATED July 20, 2010.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 2 -