1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MIGUEL VELEZ,

            Plaintiff,

v.

REHAB RESULTS, INC., et al.,

            Defendants.

2:09-CV-1136 JCM (GWF)

**ORDER**

      Presently before the court is plaintiff Miguel Velez's response to this court's order to show cause why this case should not be dismissed for failure to prosecute. (Doc. #69). After plaintiff filed his response to the court's order, plaintiff filed a motion for default judgment (doc. #70) and an amended motion for default judgment (doc. #73).

      On May 2, 2012, the court issued an order to show cause why this case should not be dismissed for failure to prosecute. (Doc. #68). The court noted that the clerk of court entered default against defendant T&R Painting and Drywall, Inc. on November 12, 2009, and plaintiff had not taken any subsequent action to seek default judgment from this court. (Doc. #68). Thus, plaintiff delayed almost two and a half years between the clerk's entry of default and the court's order to show cause. (*See* Docs. #37 and #68)

      The court's order to show cause further noted that all of the other defendants in this case were dismissed on June 8, 2010. In that order, the court found that plaintiff had not properly served one defendant, and dismissed the case as to that defendant for insufficiency of process. (Doc. #51). Further, the court dismissed the case against all of the other defendants who had joined the motion

James C. Mahan
U.S. District Judge

to dismiss, finding that the complaint failed to state a claim.  (Doc. #51).  Plaintiff appealed this dismissal order, and the Ninth Circuit issued an order affirming this court's decision on June 28, 2011.  (Doc. #61).  Accordingly, T&R Painting and Drywall, Inc. is the only remaining defendant in this case.

The response to the court's order to show cause asserts that plaintiff's counsel was unable to seek default judgment from this court because he was occupied with family obligations from February 7, 2011, until October 28, 2011.  (Doc. #69).  Accordingly, plaintiff's counsel asks the court to excuse his delay and grant the motion for default judgment, which was filed simultaneously with the response.  (Doc. #69).

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."  *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).  When considering whether to dismiss a case for lack of prosecution, the district court weighs: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The response does not sufficiently address the delay in this case.  Plaintiff's counsel asserts that he was otherwise occupied from February 7, 2011, until October 28, 2011.  (Doc. #69).  However, plaintiff's counsel does not mention the 15-month delay between the clerk's entry of default on November 12, 2009, and his grandfather's passing on February 7, 2011.  Further, plaintiff's counsel does not explain the 6-month delay between October 28, 2011, when his mother ended her recovery period, and May 2, 2012, when the court entered its order to show cause.  Thus, plaintiff has failed to advance any explanation for a delay of almost 21 months.

After weighing the relevant *Pagtalunan* factors, the court finds that dismissal for lack of prosecution is appropriate. *Pagtalunan*, 291 F.3d at 642.

Further, while the court does not need to scrutinize the merits of a case when weighing dismissal, "the strength or weakness of the plaintiff's case may be a factor in determining the

**James C. Mahan**
**U.S. District Judge**

- 2 -

harshness of dismissal in a particular case." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994).  Here, plaintiff's motion for default judgment does not appear to have merit because dismissal of the claims against defendant T&R Painting and Drywall, Inc. would be appropriate on similar grounds to the court's previous dismissal of the other defendants.  (*See* Docs. #51 and #61).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the above-captioned case be, and the same hereby is, DISMISSED for failure to prosecute.

IT IS FURTHER ORDERED that plaintiff's motion for default judgment (doc. #70) and amended motion for default judgment (doc. #73) be, and the same hereby are, DENIED as moot.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment accordingly.

DATED May 31, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 3 -